```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

BRIDGEPORT MUSIC, INC., *et al.,*   )
                                    )
       Plaintiffs          )
                                    )
v.                                  )
                                    )
DEEP TECHNOLOGY MUSIC, INC.,        )   No. 3:01-718
*et al.*,                           )   Judge Campbell/Brown
                                    )   **Jury Demand**
and                                 )
                                    )
3:01-0733 (EMI April)               )
3:01-0935 (Careers-BMG)             )
3:01-0971 (EMI Blackwood)           )
3:01-1037 (Careers-BMG)             )
3:01-1105 (Elektra)                 )
3:01-1156 (Remedi)                  )
                                    )
       Defendants          )

### <u>ORDER</u>[1]

For the reasons stated below the Magistrate Judge **DENIES** nonparty Janyce Tilmon-Jones's motions to reopen these seven cases:[2]

---

[1] The Magistrate Judge believes these Motions, made by a non-party purportedly under Fed. R. Civ. P. 60, are akin to a motion to amend a complaint and are therefore non-dispositive. *See*, *e.g.*, *Leonardson v. Peek*, 2009 WL 89647 (E.D. Mich. Jan. 13, 2009) (reviewing the Magistrate Judge's grant of a motion to amend under the "clearly erroneous" standard). If the District Judge considers these Motions dispositive, this Order may alternatively be considered a Report and Recommendation.

[2] The pleadings in these seven cases are identical except for the docket entry number. In order to keep this Order easier to read the Magistrate Judge will only use the docket numbers in the *Deep Technology Music* case 3:01-718 wherever possible.

|  | Case No. | Docket Entry Aug. 25, 2011 | Docket Entry Nov. 1, 2011 |
|---|---|---|---|
| *Deep Technology* | 3:01-0718 | 136 | 159 |
| *EMI April* | 3:01-0733 | 30 | 52 |
| *Careers-BMG* | 3:01-0935 | 30 | 52 |
| *EMI Blackwood* | 3:01-0971 | 129 | 145 |
| *Careers-BMG* | 3:01-1037 | 74 | 95 |
| *Elektra* | 3:01-1105 | 43 | 62 |
| *Remedi* | 3:01-1156 | 12 | 31 |

**BACKGROUND**

In each of these seven cases a nonparty, Janyce Tilmon-Jones (Ms. Tilmon), has filed a motion and brief requesting that the judgment in these matters be set aside pursuant to Rule 60(b),[3] or in the alternate, to allow post-judgment discovery (Docket Entry 136).

Ms. Tilmon alleges that in these seven cases Bridgeport resolved claims concerning the musical work "You're Getting a Little Too Smart" and that Bridgeport did not have the right to settle or resolve these cases at that time.[4] She claims she became the legal owner of all copyright interest in the song, and that Bridgeport was aware of her rights and ownership no later than February 13, 2004. She alleges that on that date Bridgeport filed a copyright renewal application for "You're Getting a Little Too

---

[3]The Magistrate Judge has serious doubts regarding the applicability of Rule 60 in this case, as Ms. Tilmon was never a party to the underlying suit. However, as the Magistrate Judge believes Ms. Tilmon's Motions should be denied for other reasons, the undersigned has not decided this issue.

[4]Ms. Tilmon's late husband originally held the copyright for this work and sold it to Bridgeport prior to his death.

2

Smart" in the name of Ms. Tilmon with the United States Copyright office claiming to be her authorized agent.

Ms. Tilmon alleges that even though Bridgeport was aware of her interest they (1) never informed her of these seven pending cases, (2) never informed the Court about the existence of Ms. Tilmon and her rights, and (3) apparently reached settlement terms with the remaining Defendants without ever disclosing the existence of the settlement terms to Ms. Tilmon.

Ms. Tilmon further requests that if the Court does not agree to set aside the judgments in these cases pursuant to Fed. R. Civ. P. 60(b), she be allowed to conduct post-judgment discovery to understand the nature of the settlement reached with the named parties to determine if she is entitled to relief under 60(b)(3) or 60(d)(3).

This matter was initially briefed (Docket Entry 139) and referred to the undersigned for a Report and Recommendation on any dispositive matters, and for decision on any non-dispositive matters (Docket Entry 141).

After this initial briefing, the original Plaintiff Bridgeport[5] then filed a motion for sanctions and assessment of fees against Ms. Tilmon (Docket Entry 152) pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. This pleading was placed under seal

---

[5]For convenience the Magistrate Judge will refer to the Plaintiff as Bridgeport throughout the remainder of this Order. None of the original Defendants has filed any pleadings in this matter.

because it went into terms of the settlement of an earlier case against Bridgeport by Ms. Tilmon, which Bridgeport contends gave them a full release from any and all claims Ms. Tilmon might have against them (*Tilmon Jones v. Bolidian, et al.,* (E.D. Mich.) Case 5:06-14048).

At this point the motions were relatively straightforward. Unfortunately, they soon became as murky as the Mississippi River in full flood. The Magistrate Judge, as best he can, will try to summarize the three Michigan litigations inasmuch as it bears on the present motions.

The first case is *Bridgeport Music, et al. v. Smith, et al.* (E.D. Mich.) 2:03-CV-72211.[6] In 2003, Bridgeport sued a number of Defendants for infringing the work "You're Getting a Little Too Smart," for which they claimed a copyright. Docket Entry 35 reflects that this case was closed on March 9, 2005, with a judgment in favor of Bridgeport against all defendants who had not previously been dismissed. This case was assigned to Judge Borman. Ms. Tilmon, acting through attorneys, filed motions to vacate that judgment and to allow her to intervene on March 9, 2011. The motion is strikingly similar to the motion Ms. Tilmon has filed *pro se* in the seven Nashville cases she now seeks to reopen.

---

[6]In discussing the Michigan cases the docket entries will refer to the docket entries for each individual case in the Michigan court.

4

The second Michigan case started on September 14, 2006, when Ms. Tilmon, acting through attorneys, filed a complaint against Mr. Boladian and Bridgeport alleging that Mr. Tilmon was the writer and creator of a number of songs, including Item 21 in Attachment A, "You're Getting a Little Too Smart." *Tilmon-Jones v. Boladian, et al.* (E.D. Mich.) Case No. 5:06-CV-14040 (Docket Entry 1). This complaint alleges specifically that Bridgeport failed to pay appropriate royalties to Ms. Tilmon as the statutory successor to Mr. Tilmon for the two specific songs "Feel the Need in Me" and "Yes, I Know I'm in Love." This litigation was assigned to Judge O'Meara. The case was dismissed after settlement on September 6, 2007 (Docket Entry 37). On January 26, 2010, Ms. Tilmon, acting through a new attorney, moved to set aside the closing of that case and to enforce various sanctions against Bridgeport for allegedly failing to provide necessary information to Ms. Tilmon during the course of settlement of that case (Docket Entry 42). This motion was withdrawn on February 18, 2010 (Docket Entry 48), apparently after Bridgeport sent to Plaintiff a notice of their intent to seek Rule 11 sanctions.

A new motion to set aside the stipulated order dismissing the case was filed on November 19, 2010, again alleging fraud on the Court and withholding critical information about the settlement from Ms. Tilmon (Docket Entry 49). This motion was again withdrawn by Ms. Jones' attorneys on January 4, 2011 (Docket Entry 60).

The matter reared its head yet again on November 1, 2011 (Docket Entry 69) under a new sealed motion to set aside the consent order of settlement filed by Ms. Tilmon through her attorneys. This particular motion contained an affidavit of Ms. Peterer, which made a number of serious allegations against Bridgeport and its attorneys, including Mr. Busch. This matter underwent lengthy and contentious briefing until January 10, 2012, when Judge O'Meara entered an opinion and order denying the motion to reopen the case (Docket Entry 101).

It appears that as of the date of this Order that motions for sanctions against Ms. Tilmon and her attorneys are still pending before Judge O'Meara.

The third case presently pending in Michigan is *Tilmon Jones, et al. v. Bridgeport Music, et al.*, (E.D. Mich.) Case 5:11-CV-13002, originally assigned to Judge Friedman and subsequently transferred to Judge O'Meara. This litigation, filed on June 13, 2011, by Ms. Tilmon with the assistance of her attorneys, alleges in some 70 pages--with another 100 or so pages of exhibits--that Bridgeport defrauded Ms. Tilmon her right to royalties to a large number of songs as statutory successor to Mr. Tilmon. The royalties were allegedly assigned to Bridgeport originally, but reverted to Ms. Tilmon as the statutory heir when the original copyrights expired on December 31st of the 28th year from the date the copyright was originally secured. Copyright Act of 1976.

The complaint deals with "You're Getting a Little Too Smart" beginning at paragraph 295. The complaint alleges that Bridgeport secured a copyright of this song on March 20, 1974, and thus Bridgeport's rights would have terminated on December 31, 2002.

Before Judge Friedman transferred the case he held a hearing concerning the sealing of the *Peterer* declaration which has caused so much difficulty in these matters (Docket Entry 29).[7] In that hearing Judge Friedman specifically continued a seal on the Peterer declaration and expressed concern with the way Ms. Tilmon's attorney, Mr. Reed, had handled the matter. It appears that as of the date of this Order the parties are still filing voluminous pleadings in that case.

The 2003 and 2006 cases have resulted in orders by Judge Borman and Judge O'Meara, respectively, to refuse to reopen the litigation under any of the Plaintiff's various theories.

In the seven Nashville cases the pleadings have roughly tracked the various accusations and counter-accusations made in the three Michigan cases.[8]

---

[7]Docket Entry 158-2 in the Nashville case.

[8]Because Judge Friedman in the 5:11-CV-1302 placed the Peterer declaration under seal the Magistrate Judge will continue that declaration under seal until such time as the Judge first placing it under seal authorizes its release. Judge Friedman's order and the Peterer declaration are attached in the *Deep Technology Music* case as Docket Entry 158-1 and 158-2.

7

On November 1, 2011, in the Nashville cases, the Plaintiff used the Peterer declaration to allege additional grounds for relief for fraud on the Court under Fed. R. Civ. P. 60(d)(3), as well as sanctions against Bridgeport under 28 U.S.C. § 1927 (Docket Entries 158, 159, 160).

The parties have continued to brief the issues for reopening and sanctions with motions which tend to intermingle the two issues. Unfortunately, this makes for heavy reading. *See* Docket Entries 152, 162, 164, 165, 166, 168, 172, and 186.[9]

Bridgeport responded to Ms. Tilmon's newly alleged grounds by which she seeks to reopen these cases or to take discovery (Docket Entry 162). In their surreply, they also filed additional motions seeking fees against Ms. Tilmon (Docket Entry 164), which was supported by a lengthy memorandum (Docket Entry 165). They filed additional motions for sanctions and assessment of fees under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 (Docket Entry 166). Ms. Tilmon filed a response to this motion for sanctions (Docket Entry 172), and Bridgeport was granted permission to file a reply (Docket Entry 186).

---

[9]It appears that Ms. Tilmon did not send Bridgeport a copy of her last response to their motion for sanctions (Docket Entry 172). Bridgeport states that they only learned about the matter when they actually checked the docket approximately 30 days later. Because many of the pleadings in this matter are under seal, ECF notices do not automatically go to the parties. Why Bridgeport waited 30 days to check is unknown. The Magistrate Judge has ordered the parties to send all further pleadings by means that generate proof of delivery.

The Magistrate Judge conducted a hearing in this matter on February 28, 2012, when the parties were allowed to fully argue their respective positions. At the hearing, Ms. Tilmon stressed that what she really wanted was an accounting of what settlements or other dispositions Bridgeport made in the seven cases in question. If that is all she wanted she has taken a tortured and confusing road.

## LEGAL DISCUSSION

Unfortunately, because of the accusations made in this case the pleadings have spun out of control. The Magistrate Judge will take up at a later date the various motions for sanctions. This Order will deal solely with the original issues, which are whether or not there are grounds to reopen any of these seven cases.

The Magistrate Judge fully agrees with Judge Borman's decision of September 27, 2011, denying reopening of the Michigan case on similar grounds (Docket Entry 162-1), and his further order denying reconsideration on December 12, 2011, attached as Docket Entry 189-1, starting at page 59, and his last order declining to reopen for fraud (Docket Entry 189-1 starting at page 65).[10]

---

[10] For some reason Bridgeport filed this pleading and all its attachments as a single 156-page document. Frankly, there is a temptation, which the undersigned probably should have taken, to simply adopt Judge Borman's well-written opinions and stop. However, the Magistrate Judge will address the matters in more detail as they relate to the seven Nashville cases.

9

It is clear from the pleadings that Bridgeport was the owner of the copyright to the song "You're Getting a Little Too Smart" when they filed these seven cases in 2001 despite Mr. Tilmon's unfortunate death on July 6, 1982.

The Magistrate Judge will first take up the points raised in the first motion to reopen or allow discovery (Docket Entry 136). Bridgeport responded with a memorandum arguing why this should not be permitted (Docket Entry 139).

Bridgeport's first argument is that there was no final judgment in these cases to reopen. With all due respect, this argument is ludicrous. The docket sheets in all of these cases reflect that at the end of the case the District Judge entered an order stating that the matter was closed with a final judgment.

Their other grounds have more merit. Bridgeport clearly owned the copyright in question when they brought this lawsuit in 2001. From the pleadings it appears that Mr. Tilmon's heirs, which include Ms. Tilmon and her children, gained a statutory right to the copyright when the copyright came up for renewal 28 years after it was originally filed. It appears that the date for renewal would have been either March 20, 2002, or December 31, 2002. Ms. Tilmon did, in fact, renew the copyrights in the name of the statutory heirs on January 21, 2011 (Docket Entry 162-1, p. 12).

The District Court clearly had subject matter jurisdiction in the Nashville lawsuits, which were brought by

Bridgeport as the copyright owner against individuals that it contended infringed on the song "You're Getting a Little Too Smart." It appears that in 2006 Ms. Tilmon, individually and as a representative of the estate of Mr. Tilmon, filed a complaint against Mr. Boladian and Bridgeport Music (Docket Entry 139, Ex. A). According to Attachment A to Docket Entry 139-1, Item 21, one of the songs sold to Bridgeport sold by Mr. Tilmon on March 31,1976 was "You're Getting a Little Too Smart." The complaint includes a description of the agreement entered into between Mr. Tilmon and Bridgeport in March of 1976.

Subsequently, a consent order was entered on September 6, 2007, resolving that matter. Part of the settlement included a release in that litigation, which was filed as Docket Entry 139-4. The Magistrate Judge has reviewed the release and also discussed the release with the parties at the hearing. It is the Magistrate Judge's view that this is a full and complete release by Ms. Tilmon of all claims which she had against Bridgeport and related entities.

The third paragraph (Docket Entry 139-4, p. 3) states:

> Whereas the ESTATE, TILMON-JONES, AND HEIRS voluntarily and with full knowledge of their rights and the provisions herein, now desire to settle, compromise and dispose of the District Court Action claims; and any and all other claims they have or might have against COMPANIES including, but not limited to, any claims that may arise in the future pursuant to any newly discovered facts which are not yet known to the ESTATE, TILMON-JONES and HAIRS.

11

The release continues at Docket Entry 139-4, p. 4 to state:

> 5. TILMON-JONES, ESTATE AND HEIRS hereby release and forever discharge Armen Boladian, individually, and Bridgeport as well as their officers, directors, employees, attorneys, other agents, successors and assigns, privies in contract, from all debts,, demands, actions, causes of action, charges, complaints, judgments, suits, warranties, covenants, contracts, promises, obligations, liabilities, or claims of any kind, type, or description, whether now known, disputed or undisputed, accrued or unaccrued, liquidated or contingent, foreseen or unforeseen, asserted or unasserted, filed or not yet filed, in contract, tort, at law, or in equity, or before any local, state or federal court, administrative agencies or departments, existing at the time of this Agreement, of which subsequently may exist or arise following the execution of this Agreement, that could have been brought by TILMON-JONES, ESTATE and HEIRS pertaining to the causes of action contained in the District Court Action for which this Agreement pertains.

Ms. Tilmon points to the discussion before Magistrate Judge Majvoud in Michigan on September 4, 2007, to show that she was only releasing two songs: "Feel the Need in Me" and "Yes, I Know I'm in Love" (Docket Entry 160-4, pp. 10, 11).[11]

The Magistrate Judge, however, believes that this is a full and complete release of Bridgeport for any and all claims that could have been brought as the result of the Michigan litigation. The fact that this particular litigation refers to some 37 songs for which Mr. Tilmon sold his rights on March 31, 1976, shows that at that point Ms. Tilmon was aware, or should

---

[11]Wherever possible the Magistrate Judge will use the page numbers assigned by the ECF system to refer to documents.

12

have been aware, of the fact that Bridgeport had at that time acquired ownership in these songs.[12]

Given that the song "You're Getting a Little Too Smart" is specifically mentioned at Docket Entry 139-1, p. 12, it clearly is a song that was known at the time and could have been the subject of that litigation had Ms. Tilmon decided to do so. The Magistrate Judge concludes that the release is effective to all songs.

Even if the release was not fully operable, the Magistrate Judge believes that there is also an issue of *res judicata* or claims preclusion. Ms. Tilmon had a full opportunity to litigate the claims concerning "You're Getting a Little Too Smart" at that time, but for whatever reason, chose not to do so. As Bridgeport points out in its memorandum (Docket Entry 139, p. 10), Bridgeport filed a renewal notice of the song "You're Getting a Little Too Smart" on behalf of Tilmon on February 18, 2004, at the same time as new registrations were filed for the two songs that were the primary focus of the Michigan litigation. Had Ms. Tilmon exercised reasonable diligence, these matters would and should have been raised in 2006 when the parties were settling all issues and disputes between themselves. Ms. Tilmon was certainly represented by counsel at that point.

---

[12]As previously mentioned, because of the death of Mr. Tilmon, Bridgeport lost the right to renew in their name after 28 years when that right passed to the statutory heirs of Mr. Tilmon.

Matters filed with the copyright office are public records, and constructive notice to the public of the facts stated in the recorded documents is presumed. 17 U.S.C. § 205(c). To allow this matter to be raised at this late date encourages parties to attempt to repeatedly raise matters that should be settled in a single lawsuit. *Hadley v. Imnon*, 2006 U.S. Dist. LEXUS 3370 (E.D. Tenn. Jan. 18, 2006).

Additionally, the Magistrate Judge believes that this motion is untimely. The District Court entered its final judgment on June 15, 2005 (Docket Entry 15).[13] It appears that Ms. Tilmon knew, or certainly should have known, as a result of her 2006 complaint that there were possible problems with the songs in question in these seven cases. Her attorney, who appears to be an experienced copyright attorney, could not have been unaware of the Tennessee *Bridgeport* litigation given its widespread publicity in the music industry, as well as numerous opinions by the Sixth Circuit dealing with a number of critical copyright issues. This motion is over six years after the final order and over five years after the filing of the Michigan litigation. The Magistrate Judge can only conclude that the motion is untimely. Relief under Rule 60(b) must be brought within a reasonable time. *U.S. v. Dailide*, 316 F.3d 611 617-618 (6th Cir. 2003).

---

[13]The District Court did allow some additional time for parties to complete certain settlement options. However, Docket Entry 115 states unequivocally that the order shall constitute final judgment.

The Magistrate Judge will now turn to the second motion by Ms. Tilmon (Docket Entry 159). Fraud on the Court based on the Peterer declaration. This motion is accompanied by a memorandum (Docket Entry 160). Ms. Tilmon repeats many of the arguments she previously made, but she adds a new argument that Ms. Peterer's declaration establishes that Bridgeport perpetrated a fraud on the Court by concealing documents from the Court and that Bridgeport and their attorneys misrepresented facts. Ms. Peterer's declaration does nothing to establish that Bridgeport did not own copyrights to "You're Getting a Little Too Smart" when they filed their litigation. It does nothing to establish that Ms. Tilmon should not have raised these issues when she filed suit on two other songs in 2006.

In the most recent volley filed in this seemingly endless litigation, Bridgeport has filed a reply to Ms. Tilmon's claims of fraud (Docket Entry 189). Leaving aside the argument concerning the issue of sanctions against Ms. Tilmon and perhaps others, the Magistrate Judge believes that Ms. Tilmon has not made a sufficient showing of fraud on the Court to justify reopening under Rule 60(d)(3). Bridgeport attached to their motion (Docket

Entry 189-1) copies of the orders issued in the Michigan cases.[14]

Judge Borman's three very well-reasoned opinions address all issues raised in the Nashville case. They are found at Docket Entry 189-1, pages 49, 59, and 65. He first held Ms. Tilmon had not made out a *prima facie* case showing that she was entitled to discovery and, therefore, declined to grant her relief to reopen the 2003 Michigan case. Ths Magistrate Judge sees no substantial difference between her request to reopen in that matter and her request to reopen in this matter and adopts the reasoning of Judge Borman (Docket Entry 189-1, p. 49).

Following a motion for reconsideration of his order of denial, Judge Borman reiterates a number of reasons why his original September 27, 2011, order was correct and again declined to reopen the matter (Docket Entry 189-1, p. 59).

In his most recent opinion and order (Docket Entry 189-1, p. 65), Judge Borman notes that Ms. Tilmon, through her Michigan attorney, again attempted to reopen the 2003 Michigan litigation on fraud grounds. That case, *Bridgeport Music v. Raasham A. Smith*, Civil Action 2:03-CV-72211, involved the exact

---

[14]In filing this Docket Entry 189-1, Bridgeport listed 156 pages worth of pleadings and arguments without breaking them down separately. It has been extremely frustrating to the Magistrate Judge in trying to locate and refer to particular documents within this 156 pages. The Magistrate Judge will, however, use the page numbers assigned by ECF to Docket Entry 189-1 for the convenience of everyone who has to read this. The pleadings in the 2003 Michigan case are substantially similar to the pleadings in the various Bridgeport cases filed in 2001 in Nashville.

song involved in the Nashville cases, "You're Getting a Little Too Smart." Judge Borman discussed the Peterer declaration and related pleadings at some length and again, for well-stated reasons, denied the motion to reopen on the grounds of fraud.

The Magistrate Judge adopts the reasoning of this ruling, which begins in Docket Entry 189-1, p. 65. In particular, Judge Borman found that the Peterer declaration was insufficient to show fraud or to justify reopening the case on those grounds. He points out specifically that Ms. Peterer in May of 2003 confirmed to Bridgeport that they could claim complete ownership of "You're Getting a Little Too Smart" (Docket Entry 189-1, p. 70).

In short, the Magistrate Judge believes that all efforts by Ms. Tilmon to reopen these cases under any theory are without merit and should be **DENIED**.

The Magistrate Judge is concerned that the pleadings in this case appear to be ghost-written by attorneys who have not made an appearance. At the hearing before the Magistrate Judge, Ms. Tilmon explained that the attorneys stated to her that they were not licensed in Tennessee and, therefore, could not appear here. The Magistrate Judge pointed out to Ms. Tilmon that it was a simple matter for her attorneys to file a motion to be admitted *pro hoc vice*, pay a $75 fee and associate local counsel.

It appears that there are sanction motions pending before Judge Borman later this month against one or more of the attorneys involved in the Michigan litigation, and that Judge O'Meara may also consider sanctions. Whether it is sanctionable in this district or not, the practice of attorneys ghost-writing pleadings potentially raises serious ethical issues, which the Magistrate Judge does not feel the necessity to address in this Order.

For the reasons stated above, the Magistrate Judge **DENIES** the pending motions to reopen these seven cases:

|  | Case Nos. | Docket Entries Aug. 25, 2011 | Docket Entries Nov. 1, 2011 |
| --- | --- | --- | --- |
| *Deep Technology* | 3:01-0718 | 136 | 159 |
| *EMI April* | 3:01-0733 | 30 | 52 |
| *Careers-BMG* | 3:01-0935 | 30 | 52 |
| *EMI Blackwood* | 3:01-0971 | 129 | 145 |
| *Careers-BMG* | 3:01-1037 | 74 | 95 |
| *Elektra* | 3:01-1105 | 43 | 62 |
| *Remedi* | 3:01-1156 | 12 | 31 |

Ms. Tilmon is reminded that she may appeal this decision to the District Judge no later than fourteen (14) days after the entry of this Order.

**ENTERED** this 7th day of March, 2012.

/s/ Joe B. Brown

JOE B. BROWN
United States Magistrate Judge